[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 07-15403
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
July 3, 2008
THOMAS K. KAHN
CLERK

D. C. Docket No. 07-61207-CV-JIC

PHILIP ANDREW WILSON,

                                                      Plaintiff-Appellant,

versus

DOLLAR-THRIFTY AUTO GROUP-SOUTH FLA TRANSPORT,
d.b.a. Thrify Car Rental,
OFFICE OF BROWARD COUNTY PUBLIC DEFENDER,
Assistant Public Defender, Madeline Torres,

                                                      Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(July 3, 2008)**

Before BLACK, MARCUS and WILSON, Circuit Judges.

PER CURIAM:

Philip Andrew Wilson appeals *pro se* the district court's *sua sponte* dismissal of his *pro se* complaint against Dollar-Thrifty Auto Group and Madeline Torres for failure to state a claim upon which relief may be granted, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). In his complaint, Wilson raised constitutional claims under 28 U.S.C. § 1343 and 42 U.S.C. §§ 1983 and 1985, and state law claims pursuant to the district court's supplemental jurisdiction, 28 U.S.C. § 1367. Wilson alleged Dollar-Thrifty violated his constitutional rights by falsely reporting he had stolen a rental car when he failed to return the car on the date it was due. In addition, he alleged Torres, a public defender who represented Wilson in the ensuing criminal case, violated his constitutional rights by failing to provide adequate representation. The district court dismissed his constitutional claims against Dollar-Thrifty as barred by the applicable statute of limitations, and also because Dollar-Thrifty was not acting under color of state law. The court dismissed Wilson's constitutional claims against Torres on the ground she was entitled to qualified immunity. After dismissing the claims over which it had original jurisdiction, the court declined to exercise supplemental jurisdiction over Wilson's remaining state law claims.

Wilson asserts Dollar-Thrifty must have been acting under the color of state law to have escaped accountability for falsely reporting he had stolen a rental car,

and Dollar-Thrifty has contracted with the state to allow for the use of the "sun pass system" in its rental cars. Further, he contends Torres is not entitled to qualified immunity, because she violated his rights to effective assistance of counsel, due process, and a jury trial. Finally, he contends the court should not have dismissed his pendant state claims, because federal courts can intervene when a state deprives an individual of his constitutional rights.

We review the district court's dismissal under § 1915(e)(2)(B)(ii) *de novo*, taking as true the allegations in the complaint. *Alba v. Montford*, 517 F.3d 1249, 1252 (11th Cir. 2008). The court shall dismiss an *in forma pauperis* action at any time "if the court determines that . . . the action or appeal . . . fails to state a claim on which relief may be granted . . . ." 28 U.S.C. § 1915(e)(2)(B)(ii). "The standards governing dismissals under [Federal Rule of Civil Procedure] 12(b)(6) apply to § 1915(e)(2)(B)(ii)." *Alba*, 517 F.3d at 1252. In addition, "*pro se* pleadings are held to a less strict standard than pleadings filed by lawyers and thus are construed liberally." *Id.*

"To establish a claim under 42 U.S.C. § 1983, a plaintiff must prove (1) a violation of a constitutional right, and (2) that the alleged violation was committed by a person acting under color of state law." *Holmes v. Crosby*, 418 F.3d 1256, 1258 (11th Cir. 2005). "We have employed three distinct tests in determining

whether the actions of a private entity are properly attributed to the state." *Focus on the Family v. Pinellas Suncoast Transit Authority*, 344 F.3d 1263, 1277 (11th Cir. 2003). These tests include: "(1) the public function test; (2) the state compulsion test; and (3) the nexus/joint action test." *Id.* (quoting *Willis v. Univ. Health Services, Inc.*, 993 F.2d 837, 840 (11th Cir. 1993)).

> The public function test limits state action to instances where private actors are performing functions traditionally the exclusive prerogative of the state. The state compulsion test limits state action to instances where the government has coerced or at least significantly encouraged the action alleged to violate the Constitution. The nexus/joint action test applies where the state has so far insinuated itself into a position of interdependence with the [private party] that it was a joint participant in the enterprise.

*Id.* (quotations omitted). However, "[o]nly in rare circumstances can a private party be viewed as a 'state actor' for [§] 1983 purposes." *Harvey v. Harvey*, 949 F.3d 1127, 1130 (11th Cir. 1992). "Should we conclude that there is no State action, we must dismiss the plaintiff's claim without reaching the qualified immunity issue." *Rayburn ex rel. Rayburn v. Hogue*, 241 F.3d 1341, 1347 (11th Cir. 2001). To that end, the Supreme Court has held that "a public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding."

The court did not err in dismissing Wilson's complaint for failure to state a claim with respect to his § 1983 claims against Dollar-Thrifty, because Wilson

4

failed to demonstrate Dollar-Thrifty acted under color of state law when it reported he had stolen a rental car. Nothing in Wilson's original or amended complaint suggests either that (1) Dollar-Thrifty was performing a public function, (2) the state somehow coerced or compelled Dollar-Thrifty to report Wilson had stolen the rental car, or (3) the state was a joint participant in Dollar-Thrifty's rental operations. *See Focus on the Family*, 344 F.3d at 1277. Accordingly, we affirm the dismissal of Wilson's § 1983 claims against Dollar-Thrifty.

In regard to Wilson's § 1983 claims against Torres, the court dismissed on the ground she was entitled to qualified immunity. However, before addressing the issue of qualified immunity, we must first determine whether Torres was a state actor. *See Rayburn*, 241 F.3d at 1347. In his original and amended complaints, Wilson alleged Torres rendered ineffective assistance of counsel, based on his disagreement with her handling of his criminal case. However, the Supreme Court has held "a public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding." *Polk County v. Dodson*, 102 S. Ct. 445, 453 (1981). As a result, Wilson has failed to demonstrate Torres acted under color of state law in her capacity as public defender. Accordingly, we affirm the dismissal of Wilson's § 1983 claims against Torres. *See Consol. Dev. Corp. v. Sherritt, Inc.*, 216 F.3d 1286, 1288 (11th Cir.

2000) (stating this Court may affirm "on any adequate grounds, including grounds other than those upon which the district court actually relied").

Moreover, nothing in the record suggests the court abused its discretion in declining to exercise jurisdiction over Wilson's remaining state law claims against Dollar-Thrifty and Torres, and we "have encouraged district courts to dismiss any remaining state claims when, as here, the federal claims have been dismissed . . . ." *Raney v. Allstate Ins. Co.*, 370 F.3d 1086, 1088 (11th Cir. 2004). Therefore, we affirm the dismissal of his pendant state claims.

The district court did not err in dismissing Wilson's constitutional claims against Dollar-Thrifty and Torres because neither party acted under color of state law. Moreover, the court did not abuse its discretion in declining to exercise supplemental jurisdiction over Wilson's remaining state law claims.[1]

**AFFIRMED.**

---

[1] As an additional matter, Wilson also asserted claims against Dollar-Thrifty and Torres under § 1985. The district court did not specifically address these claims in its order dismissing Wilson's complaint with prejudice, the order from which Wilson now appeals. Moreover, Wilson raises no issue on appeal with regard to his claims under § 1985. Therefore, he has abandoned his § 1985 claims. *See Horsley v. Feldt*, 304 F.3d 1125, 1131 n.1 (11th Cir. 2002) (concluding *pro se* plaintiff waived claims he did not raise on appeal).