[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
July 17, 2008
THOMAS K. KAHN
CLERK

_____

No. 08-11042
Non-Argument Calendar
_____

D. C. Docket No. 05-02569-CV-TWT-1

CARA WILLIAMS,

Plaintiff-Appellant,

versus

JACQUELINE BARRETT,
JOHN DOE NO. 1,
JOHN DOE NO. 2,
JOHN DOE NO. 3
JANE DOE NO. 1,
JANE DOE NO. 2,
JANE DOE NO. 3,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

**(July 17, 2008)**

Before DUBINA, BARKETT and PRYOR, Circuit Judges.

PER CURIAM:

This is the second time we have considered an appeal of this case. In the first appeal, we reversed the judgment of the district court and remanded this case with instructions to permit the parties to conduct discovery. *See Williams v. Barrett*, 220 Fed. Appx. 930 (11th Cir. 2007) ("Barrett I"). The district court complied with our mandate and permitted the parties to participate in discovery. Once the discovery period ended, appellee, Sheriff Jacqueline Barrett ("Sheriff Barrett") filed a motion for summary judgment. The district court granted Sheriff Barrett's motion, and it is from that judgment that appellant Cara Williams ("Williams") now appeals.

I.

Williams brought this action under 42 U.S.C. §1983 alleging that Sheriff Barrett, along with six unidentified defendants ("Doe Defendants"), who are alleged to have been Fulton County, Georgia, deputies at the time of the alleged incident which gave rise to this cause of action, violated Williams's constitutional rights.

In her complaint, Williams seeks compensation for alleged injuries that she claims resulted from the actions of the Doe Defendants when Williams was taken

into their custody. Williams alleges that she suffered physical and mental injury as a result of the Doe Defendants' conduct. Moreover, the complaint asserts claims based on use of excessive force, violation of due process, violation of 18 U.S.C. § 2340, and violation of numerous treaties of the United States.

## II.

Summary judgment is appropriate only when the pleadings, depositions, and affidavits submitted by the parties show that no genuine issue of material fact exists and that the movant is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(c). We review a district court's grant of summary judgment *de novo* and consider all evidence and reasonable factual inferences drawn therefrom in a light most favorable to the non-moving party. *Brooks v. County Comm'r of Jefferson County, Ala.,* 446 F.3d 1160, 1161-62 (11th Cir. 2006); *Rojas v. Fla. Dep't. of Bus. & Prof.'l Regulations Pari-Mutual,* 285 F.3d 1339, 1341-42 (11th Cir. 2002) (per curiam) (citation and quotations omitted).

## III.

After reviewing the record and reading the parties' briefs, we conclude that the district court properly granted Sheriff Barrett's motion for summary judgment. To establish liability in an individual capacity claim under § 1983, a plaintiff must show that an official, acting under color of state law, deprived the plaintiff of a

3

federal constitutional right. *Holmes v. Crosby*, 418 F.3d 1256, 1258 (11th Cir. 2005). Supervisory officials are not liable, however, "for the unconstitutional acts of their subordinates on the basis of respondeat superior or vicarious liability." *Cottone v. Jones*, 326 F.3d 1352, 1360 (11th Cir. 2003); *Hartley v. Parnell*, 193 F.3d 1263, 1269 (11th Cir. 1999). Because Williams does not claim that Sheriff Barrett participated in her mistreatment at the jail, she must demonstrate a causal connection between Barrett's actions and those of her deputies. This causal connection can be made through either: (1) a history of widespread abuse putting the responsible supervisor on notice of the need to correct the alleged deprivation; (2) a supervisor's custodial policy resulting in deliberate indifference to constitutional rights; or (3) facts supporting an inference that the supervisor directed the subordinates to act unlawfully or knew that subordinates would act unlawfully and failed to stop them from doing so. *Gonzalez v. Reno,* 325 F.3d 1228, 1234-35 (11th Cir. 2003). However, "[t]he standard by which a supervisor is held liable in her individual capacity for the actions of a subordinate is extremely rigorous." *Cottone,* 326 F.3d at 1360-61(citation omitted). We conclude from the record that Williams fails to meet her burden even though she had a reasonable opportunity to discover evidence which would tend to support her claims.

In opposing Sheriff Barrett's motion for summary judgment, Williams argues that she was unable to meet her burden because Sheriff Barrett attempted to "stone wall" her discovery efforts. However, Williams's claim concerning discovery is belied by the record. After we remanded the case in Barrett I and directed the district court to provide the parties discovery, the district court complied with our mandate and afforded the parties, including Williams, ample opportunity to conduct discovery. In fact, the record demonstrates that Sheriff Barrett produced numerous documents and records, the only records of which she was aware, to Williams. Accordingly, we affirm the district court's grant of summary judgment on Williams's federal claims. Moreover, we conclude that the district court properly dismissed the pendent state law claims brought against Sheriff Barrett.

Finally, we conclude that the district court properly dismissed Williams' claim against the Doe Defendants. More than two years after bringing her lawsuit and more than four years after her alleged injury occurred, Williams failed to substitute named parties as defendants. A plaintiff's failure to identify and serve unnamed defendants in a timely fashion requires dismissal. *See* Fed. R. Civ. P. 4(n). The limitations period for § 1983 claims is typically determined according to the state law period for personal injury torts. *City of Rancho Palos Verdes, Cal. v.*

5

*Abrams*, 544 U.S. 113, 123 n. 5, 125 S.Ct. 1453, 1460 n. 5 (2005). Pursuant to O.C.G.A. § 9-3-33, Georgia has a two-year statute of limitations on personal injury actions. Thus, because Williams did not identify and serve unnamed defendants in a timely fashion, we conclude that the district court did not err in dismissing Williams's claims against the unidentified alleged deputies.

IV.

For the above-stated reasons, we affirm the district court's grant of summary judgment.

AFFIRMED.