[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 09-10251
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JANUARY 14, 2010
JOHN LEY
ACTING CLERK

D. C. Docket No. 08-01393-CV-JEO-S

JOE DANIEL HOLT, JR.,

Plaintiff-Appellant,

versus

MAC GLENN, Probation Officer,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Alabama

_____

(January 14, 2010)

Before TJOFLAT, WILSON and FAY, Circuit Judges.

PER CURIAM:

Joe Daniel Holt, Jr. appeals the district court's dismissal of his 42 U.S.C. § 1983 complaint for failure to state a claim upon which relief can be granted. For the reasons set forth below, we affirm.

**I.**

In his *pro se* complaint, Holt asserted that, on July 18, 2005, he obtained an order of probation sheet from his probation officer, Mac Glenn. The sheet provided that Holt was to serve a term of three years' probation. Holt contended that, sometime after an August 15, 2005 hearing, Glenn altered the original order of probation sheet to reflect that Holt was to serve a period of nine years' probation. Holt noted that the state court revoked his probation on October 30, 2006 and sentenced him to 10 years' imprisonment.

The magistrate issued a report and recommendation ("R&R"), recommending dismissing Holt's complaint *sua sponte*, pursuant to 28 U.S.C. § 1915A, because the complaint was filed after the applicable two-year statute of limitations had expired.

Holt filed objections to the R&R, arguing that he had filed his complaint within the statutory period and asserting that Glenn "contributed to the false imprisonment of the plaintiff through [his] perjured testimony . . . and the altered government record."

The district court determined that it did not need to determine the statute of limitations issue, because the facts set forth in Holt's complaint failed to state a cognizable claim under § 1983. It found that Holt failed to plead facts showing that Glenn's actions resulted in a violation of Holt's constitutional rights, because Glenn's amendment of the probation report to reflect a different length of probation would not have resulted in the revocation of Holt's probation. The court noted that Holt asserted for the first time in his objections to the R&R that Glenn had offered perjured testimony, "presumably at the revocation hearing." The court determined that this allegation failed to state a claim under § 1983, because, under § 1983, "witnesses are granted absolute immunity for their testimony at trial." Based on these findings, the district court dismissed Holt's complaint under 28 U.S.C. § 1915A(b)(1).

## II.

Holt argues that Glenn should be held liable under § 1983, because he altered the order of probation sheet on August 15, 2005, and this alteration led to his imprisonment. He contends that Glenn's action violated his Equal Protection and Due Process rights and caused his false imprisonment. Holt also asserts that Glenn's actions caused him to be sentenced to cruel and unusual punishment, in violation of the Eighth Amendment.

3

We review *de novo* a district court's decision to dismiss for failure to state a claim under 28 U.S.C. § 1915A(b)(1), taking the allegations in the complaint as true. *Boxer X v. Harris*, 437 F.3d 1107, 1110 (11th Cir. 2006). Pursuant to § 1915A, a district court must dismiss the complaint of a prisoner if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915A(b)(1). A *pro se* complaint is held to a "less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." *See Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998).

"To establish a claim under 42 U.S.C. § 1983, a plaintiff must prove (1) a violation of a constitutional right, and (2) that the alleged violation was committed by a person acting under color of state law." *Holmes v. Crosby*, 418 F.3d 1256, 1258 (11th Cir. 2005). "The first inquiry in any § 1983 lawsuit . . . is whether the plaintiff has been deprived of a right secured by the Constitution and laws." *Baker v. McCollan*, 443 U.S. 137, 140, 99 S.Ct. 2689, 2692, 61 L.Ed.2d 433 (1979) (quotations omitted). The Fourteenth Amendment provides that "[n]o State shall . . . deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws." U.S. CONST., Amend. XIV § 1.

**III.**

4

Holt's complaint appears to allege that Glenn deprived Holt of a liberty interest without due process of law. However, "section 1983 requires proof of an affirmative *causal connection* between the official's acts or omissions and the alleged constitutional deprivation." *Zatler v. Wainwright*, 802 F.2d 397, 401 (11th Cir. 1986) (emphasis added). The district court correctly found that Holt's complaint failed to show a causal connection between Glenn's act – the alleged alteration of the order of probation – and the alleged deprivation of Holt's liberty interest – the revocation of his probation. In his complaint, Holt acknowledged that his probation was revoked after an October 30, 2006 hearing. Thus, Holt was provided with due process of law before he was deprived of his liberty interest. Furthermore, Glenn's act of amending the probation order to reflect a nine-year period of probation rather than a three-year period did not result in the revocation of the probation. Accordingly, because Glenn's actions did not cause Holt to be deprived of his liberty interest, Holt has failed to state a claim for relief.

In his objections to the R&R, Holt argues that Glenn deprived him of his liberty interest by falsely testifying at his probation revocation hearing. However, we have held that "parole officers enjoy [quasi-judicial] immunity for testimony given during parole revocation hearings when they act within the scope of their duties." *Holmes*, 418 F.3d at 1258; *see also United States v. Frazier*, 26 F.3d 110,

5

113 (11th Cir. 1994) (noting that "courts treat revocations the same whether they involve probation, parole, or supervised release"). Thus, any claim arising from Glenn's testimony at Holt's probation revocation hearing lacks merit, because Glenn was entitled to immunity. Accordingly, we affirm the district court's dismissal of Holt's complaint for failure to state a claim upon which relief may be granted.

**AFFIRMED.**