[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 10-10146
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 16, 2010
JOHN LEY
CLERK

D.C. Docket No. 1:09-cv-02753-CAM

LORENZO T. CRITTEN,

Plaintiff-Appellant,

versus

SALLY YATES,
United States Attorney,
MICHAEL E. HANCOCK,
Judge,
RICHARD REED,
BOB HOUMAN,
GAYLE D. BACON,
Attorney, et al.,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(June 16, 2010)

Before HULL, PRYOR and ANDERSON, Circuit Judges.

PER CURIAM:

Lorenzo Critten pro se appeals the district court's dismissal of his 42 U.S.C. § 1983 complaint pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim. After review, we affirm.

Critten is a Georgia state prisoner who was convicted of two counts of murder. Critten's pro se § 1983 complaint alleged constitutional violations against various parties involved in his 2002 arrest and prosecution, including police officers, the superior court judge, the superior court clerk and the county district attorney.[1] Critten's complaint alleged that: (1) he was unlawfully searched and seized "without a warrant or arraignment by local officers"; (2) he was not promptly brought before a magistrate judge to be informed of the charges against him; (3) the court clerk and district attorney did not provide him with a copy of his indictment; (4) his defense counsel conspired with the prosecution to coerce him to plead guilty; and (5) the defendants committed fraud by not disclosing in the state criminal proceedings Critten's status as a "Secured Party Creditor," which

---

[1] Critten's complaint also named then-United States Attorney David Nahmias, although it did not allege how Nahmias could have participated in any alleged violation of Critten's constitutional rights during his state court criminal prosecution.

2

Critten contended made his crimes "commercial."[2]

In accordance with 28 U.S.C. § 1915A, the district court conducted a sua sponte preliminary screening and dismissed Critten's complaint for failure to state a claim. The district court concluded that Critten's § 1983 claims were barred by Heck v. Humphrey, 512 U.S. 477, 114 S. Ct. 2364 (1994), because they necessarily implied the invalidity of his state convictions. As to Critten's status as a "secured party creditor," the district court noted that the complaint established that Critten took his security interest in himself in October 2008, six years after his arrest and thus was not a secured party at the time of his state court criminal proceedings. The district court denied Critten's request for an order directing the superior court to provide him with a copy of his indictment because it did not have the authority to issue a writ of mandamus against a state official. Critten appealed.

Under § 1915A, the district court shall review, as soon as possible, a prisoner's complaint in a civil action against a government entity. 28 U.S.C. § 1915A(a). The district court then must dismiss the complaint if it is "frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C.

---

[2]Critten attached to his complaint a UCC financing statement, dated October 20, 2008, that purports to show that Critten is a commercial entity with a security interest in his own name and person.

3

§ 1915A(b)(1).[3]

A dismissal under § 1915A(b)(1) is governed by the same standards as a dismissal under Federal Rule of Civil Procedure 12(b)(6). See Jones v. Bock, 549 U.S. 199, 215-16, 127 S. Ct. 910, 921 (2007); Leal v. Ga. Dep't of Corrs., 254 F.3d 1276, 1278-79 (11th Cir. 2001). That is, although the complaint need not provide detailed factual allegations, it must contain "sufficient factual matter" to state a claim that is "plausible on its face." Ashcroft v. Iqbal, ___ U.S. ___, 129 S. Ct. 1937, 1949 (2009); accord Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 570, 127 S. Ct. 1955, 1965, 1974 (2007).

Here, the district court concluded that Critten's § 1983 claims were barred by Heck. Under Heck, a § 1983 plaintiff is barred from recovering money damages for an allegedly unconstitutional conviction or sentence unless the conviction or sentence has already been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." 512 U.S. at 486-87, 114 S. Ct. at 1372. If a judgment in favor of the plaintiff "would necessarily imply the invalidity of his conviction or sentence,"

---

[3]We review de novo a district court dismissal for failure to state a claim under § 1915A(b)(1), taking the allegations in the complaint as true. Boxer X v. Harris, 437 F.3d 1107, 1110 (11th Cir. 2006).

4

then the § 1983 complaint "must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." Id.

The bases for Critten's alleged constitutional claims are that his murder convictions were the result of improper collusion among the attorneys, the grand jury, the police, and the judge; that he was the victim of prosecutorial misconduct; and that he was coerced into pleading guilty. A judgment in favor of Critten on any of these claims would necessarily call into question the validity of his conviction and sentence, and, therefore, to assert a claim for money damages, Critten was required to show that his murder convictions had already been invalidated. As Critten failed to allege that his convictions or sentence had been invalidated, his § 1983 claims for money damages are not cognizable, and the district court properly dismissed them.

With regard to Critten's demand that he be released from prison, this is not an available remedy in a § 1983 civil rights action. See Preiser v. Rodriguez, 411 U.S. 475, 500, 93 S. Ct. 1827, 1841 (1973). Rather, a habeas corpus action is the sole means by which Critten can challenge the fact or duration of his confinement. Id.

Even construed liberally, Critten's claim that state prosecutors failed to disclose to the state court that it was dealing with a commercial entity does not

allege a cognizable § 1983 claim. Critten identifies no federal right of which he was deprived by the state's alleged non-disclosure. See Holmes v. Crosby, 418 F.3d 1256, 1258 (11th Cir. 2005) (explaining that to establish a § 1983 claim, a plaintiff must show, inter alia, a violation of a constitutional or federal statutory right).

Finally, as for Critten's request that the district court compel the superior court clerk to provide him with a copy of his state court indictment, we agree with the district court that it did not have the power to grant the requested relief. See 28 U.S.C. § 1361 (limiting a district court's mandamus jurisdiction to compelling "an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff"); Lamar v. 118th Judicial Dist. Ct., 440 F.2d 383, 384 (5th Cir. 1971) (concluding that federal courts have no general power to issue writs of mandamus to compel state judicial officers to perform their duties).[4] Critten has not identified any other issue of federal law sufficient to allow a federal court to invoke its jurisdiction and compel the superior court clerk to action.

For all these reasons, we affirm the district court's dismissal of Critten's

---

[4]Decisions of the former Fifth Circuit handed down on or before September 30, 1981 are binding precedent in the Eleventh Circuit. Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).

complaint pursuant to 28 U.S.C. § 1915A(b)(1).

**AFFIRMED.**