[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 10-13359
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APR 13, 2011
JOHN LEY
CLERK

D.C. Docket No. 3:10-cv-00087-RV-MD

MARVIN LEE NETTLES,

Plaintiff-Appellant,

versus

PENSACOLA POLICE DEPARTMENT,
BOWER, Sergeant,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

(April 13, 2011)

Before BARKETT, MARCUS and BLACK, Circuit Judges.

PER CURIAM:

Marvin Lee Nettles appeals *pro se* from the district court's dismissal of his 42 U.S.C. § 1983 amended complaint against the City of Pensacola Police Department.[1] On appeal, Nettles contends his pleading was sufficient to demonstrate a claim for a Fourth Amendment violation because he alleged Sergeant Bower hit him with his police cruiser and thus used excessive force.[2] After review, we affirm.[3]

Under 28 U.S.C. § 1915(e)(2)(B)(ii), a court shall dismiss a case proceeding *in forma pauperis* "at any time if the court determines that . . . the action . . . fails to state a claim on which relief may be granted." The standards governing dismissals under Fed. R. Civ. P. 12(b)(6) apply to § 1915(e)(2)(B)(ii). *Alba v. Montford*, 517 F.3d 1249, 1252 (11th Cir. 2008). *Pro se* pleadings are construed liberally. *Id.*

---

[1] The district court liberally construed the defendant as the City of Pensacola because the Pensacola Police Department was not a legal entity capable of being sued. *Dean v. Barber*, 951 F.2d 1210, 1214 (11th Cir. 1992).

[2] Nettles has not raised either his Eighth Amendment claim or his claim that the Pensacola Police Department violated his Fourth Amendment rights by illegally searching his vehicle without a warrant and without his consent. These claims are abandoned. *Harris v. United Auto. Ins. Group, Inc.*, 579 F.3d 1227, 1231 n.1 (11th Cir. 2009).

[3] Dismissal under § 1915(e)(2)(B)(ii) for failure to state a claim is reviewed *de novo*, viewing the allegations in the complaint as true. *Alba v. Montford*, 517 F.3d 1249, 1252 (11th Cir. 2008).

"To establish a claim under 42 U.S.C. § 1983, a plaintiff must prove (1) a violation of a constitutional right, and (2) that the alleged violation was committed by a person acting under color of state law." *Holmes v. Crosby*, 418 F.3d 1256, 1258 (11th Cir. 2005). Use of excessive force in making an arrest constitutes a violation of the Fourth Amendment. *Davis v. Williams*, 451 F.3d 759, 767 (11th Cir. 2006).

Nettles did not name Sergeant Bower (or any other police officer) in his amended complaint; thus, Bower was not a proper defendant.[4] Moreover, there is no basis for holding the City of Pensacola liable. Nettles' amended complaint does not allege that the Fourth Amendment violation occurred pursuant to any policy or custom by the City of Pensacola, despite the magistrate judge's warning that his amended complaint had to allege as much. *See Lewis v. City of West Palm Beach, Fla.*, 561 F.3d 1288, 1293 (11th Cir. 2009) (stating a city may be held liable under § 1983 only if "the injury caused was a result of municipal policy or custom"). Accordingly, the district court did not err in dismissing Nettles' amended complaint for failure to state a claim.

**AFFIRMED.**

---

[4] The magistrate judge instructed that all defendants be listed in the amended complaint, and stated that the amended complaint would supercede the original complaint.

3