[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MARCH 1, 2012
JOHN LEY
CLERK

No. 11-13799
Non-Argument Calendar
_____

D.C. Docket No. 9:09-cv-82314-WPD

FRANCISCO ELARIO MARTINEZ,

Plaintiff-Appellant,

versus

MARILYN F. BURNS, etc., et al.,

Defendants,

NURSE WALLACE,
NURSE BYNES,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(March 1, 2012)

Before TJOFLAT, EDMONDSON and MARCUS, Circuit Judges.

PER CURIAM:

Francisco Martinez, a state prisoner appearing pro se, appeals the grant of summary judgment in favor of defendants, Alma Wallace and Khatrena Bynes, in his civil rights lawsuit filed pursuant to 42 U.S.C. § 1983. On appeal, Martinez argues that Wallace and Bynes were deliberately indifferent to his serious medical needs in violation of the Eighth Amendment. After careful review, we affirm.[1]

We review de novo the district court's grant of a motion for summary judgment, viewing all evidence and reasonable factual inferences in the light most favorable to the nonmoving party. Turnes v. AmSouth Bank, N.A., 36 F.3d 1057, 1060 (11th Cir. 1994). Summary judgment shall be granted if the movant shows that there is no genuine dispute as to any material fact, so that the movant is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(a). Genuine disputes of fact exist when the evidence is such that a reasonable jury could return a verdict for the non-movant.

---

[1] As for Martinez's brief assertion in his appellate brief that the third named defendant, Officer Moore, violated his Fourth Amendment rights when he filed false and misleading statements and reports, Martinez has waived any claim against Moore because he fails to make any substantive arguments concerning the dismissal of Moore, and only makes a passing reference to Moore as he asserts his general deliberate indifference argument. See Greenbriar, Ltd. v. City of Alabaster, 881 F.2d 1570, 1573 n.6 (11th Cir. 1989).

Mann v. Taser Int'l, Inc., 588 F.3d 1291, 1303 (11th Cir. 2009). Factual issues are considered genuine when they have a real basis in the record. Id.

Summary judgment should be entered against a party who fails to make a showing sufficient to establish the existence of an essential element of its case, and on which it bears the burden of proof at trial. Acevedo v. First Union Nat'l Bank, 357 F.3d 1244, 1247 (11th Cir. 2004). "[I]nferences based upon speculation are not reasonable," and may not defeat a motion for summary judgment. Marshall v. City of Cape Coral, Fla., 797 F.2d 1555, 1559 (11th Cir. 1986). Also, "[a] mere scintilla of evidence in support of the nonmoving party will not suffice to overcome a motion for summary judgment." Young v. City of Palm Bay, Fla., 358 F.3d 859, 860 (11th Cir. 2004).

"Pro se pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998). We show leniency to pro se litigants, but we will not serve as de facto counsel or rewrite a pleading in order to sustain an action. GJR Invs., Inc. v. Cnty. of Escambia, Fla., 132 F.3d 1359, 1369 (11th Cir. 1998), overruled in part on other grounds as recognized in Randall v. Scott, 610 F.3d 701, 709 (11th Cir. 2010).

In order for a plaintiff to establish a claim under 42 U.S.C. § 1983, he must prove (1) a violation of a constitutional right, and (2) that the alleged violation was committed by a person acting under the color of state law. Holmes v. Crosby, 418 F.3d 1256, 1258 (11th Cir. 2005). The Eighth Amendment, applicable to the states through the Fourteenth Amendment, governs the conditions under which convicted prisoners are confined and the treatment they receive while in prison. Farrow v. West, 320 F.3d 1235, 1242 (11th Cir. 2003); Bass v. Perrin, 170 F.3d 1312, 1316 (11th Cir. 1999). Deliberate indifference to an inmate's serious medical needs violates the Eighth Amendment. Estelle v. Gamble, 429 U.S. 97, 104 (1976). "However, not every claim by a prisoner that he has not received adequate medical treatment states a violation of the Eighth Amendment." Farrow, 320 F.3d at 1243 (quotation omitted).

To prevail on a claim of deliberate indifference, a plaintiff must show: (1) a serious medical need; (2) deliberate indifference to that need on the part of the defendant; and (3) causation between the defendant's indifference and his injury. Mann, 588 F.3d at 1306-07. A serious medical need is "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." Farrow, 320 F.3d at 1243 (citation and quotation omitted). In order to establish deliberate indifference

on the part of a defendant, a plaintiff must show: "(1) subjective knowledge of a risk of serious harm; (2) disregard of that risk; (3) by conduct that is more than gross negligence." Goebert v. Lee Cnty., 510 F.3d 1312, 1327 (11th Cir. 2007) (quotation and brackets omitted). Whether a defendant has subjective knowledge of the risk of serious harm and whether they disregarded that risk are questions of fact that can be demonstrated in the usual ways, including inference from circumstantial evidence. Id.

In addition, to state a claim for deliberate indifference under § 1983, there must be a causal connection between the constitutional violation and the state actor's conduct. See Zatler v. Wainwright, 802 F.2d 397, 401 (11th Cir. 1986) (citation omitted) (requiring "proof of an affirmative causal connection between the official's acts or omissions and the alleged constitutional deprivation"). Such a causal connection may be established by showing that the state actor was personally involved in the acts that resulted in the violation of the constitutional right. Id.

Here, Martinez failed to sufficiently show the existence of the essential elements of a claim of deliberate indifference to serious medical needs in violation of the Eighth Amendment. Specifically, the record shows that nurses Wallace and Bynes did not attend to Martinez on the dates he alleged. Because Martinez failed to show that Bynes and Wallace attended to him on the dates he alleged, he failed to

5

show that they had a subjective knowledge of a risk of serious harm to him or that they were personally involved in any acts of deliberate indifference to his serious medical needs. Zatler, 802 F.2d at 401. As a result, Martinez's claim of deliberate indifference to his serious medical needs fails because no causal connection was established between Wallace and Bynes and the constitutional violation. Accordingly, we affirm.[2]

**AFFIRMED.**

---

[2] Because the district court properly granted summary judgment based on Martinez's failure to state the essential elements of his deliberate indifference claim, we need not address whether Wallace and Bynes are entitled to qualified immunity. See Carter v. Galloway, 352 F.3d 1346, 1350 n.10 (11th Cir. 2003) (stating that defendants had no need for a qualified immunity defense when plaintiff's deliberate indifference claim failed).