[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 11-15240
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APRIL 19, 2012
JOHN LEY
CLERK

D.C. Docket No. 4:11-cv-00129-MP-WCS

STEPHEN FREDRIC GANSTINE,

Plaintiff - Appellant,

versus

JOHNNY WILLIAMS,
County Administrator
Gadsden County Florida,
ARMANDO GARCIA,

Defendants - Appellees.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

(April 19, 2012)

Before CARNES, WILSON and KRAVITCH, Circuit Judges.

PER CURIAM:

Stephen Fredric Ganstine, a former Florida prisoner proceeding *pro se*, appeals the district court's *sua sponte* dismissal of his 42 U.S.C. § 1983 action for failure to state a claim upon which relief may be granted, as well as the court's denial of his request for leave to amend his complaint. After review, we affirm.

Ganstine was convicted in 2007 of aggravated assault with a firearm in Florida and was sentenced to serve three years' imprisonment, which he had served at the time he filed suit. In his complaint, Ganstine alleged that the prosecutor in his criminal case engaged in misconduct, and that defendant Johnny Williams, the County Administrator for Gadsden County, Florida, could be held accountable. He also alleged that his defense counsel, defendant Armando Garcia, provided ineffective assistance at trial.

A magistrate judge issued a Report and Recommendation (R&R) recommending that the district court *sua sponte* dismiss Ganstine's complaint. Ganstine objected to the R&R and sought leave to amend his complaint to include Gadsden County as a defendant. The district court overruled Ganstine's objections and dismissed his complaint, finding that he failed to allege any unlawful action by Williams, and that the doctrine of *respondeat superior* did not provide a basis for recovery under § 1983 against Williams for the alleged prosecutorial misconduct. The court also found that Garcia's representation of

Ganstine did not constitute "state action" for purposes of § 1983 liability. Finally, the court found that Ganstine's request to amend his complaint to include Gadsden County was futile because the County could not be held liable for the alleged prosecutorial misconduct based on Ganstine's allegations.

Ganstine filed a Rule 59(e) motion to alter or amend the judgment, arguing that his § 1983 action should be treated as a petition for a writ of habeas corpus. He also argued that he was not basing his allegations against Williams on a *respondeat superior* theory of liability. Finding both grounds meritless, the district court denied Ganstine's motion. This is Ganstine's appeal.

Ganstine raises four issues on appeal. He first argues that the district court should have treated his complaint as a petition for writ of habeas corpus because his action attacked the validity of his conviction. But he also concedes that he is no longer in custody. Because habeas corpus relief is only available to individuals "in custody pursuant to the judgment of a State court," 28 U.S.C. § 2254(a), and Ganstine is not in custody, the district court was correct to decline to construe his complaint as a habeas petition.

Second, Ganstine argues that the district court erred in dismissing his complaint, arguing that Williams can, in fact, be held liable for the prosecutor's alleged misconduct at trial. We review *de novo* the district court's dismissal of a

3

complaint under Rule 12(b)(6) for failure to state a claim, "accepting the allegations in the complaint as true and construing them in the light most favorable to the plaintiff." *Fin. Sec. Assurance, Inc. v. Stephens, Inc.*, 500 F.3d 1276, 1282 (11th Cir. 2007). Although *sua sponte* dismissal is disfavored, reversal is not mandated where the complaint is "patently frivolous or if reversal would be futile." *Tazoe v. Airbus S.A.S.*, 631 F.3d 1321, 1336 (11th Cir. 2011) (internal quotation marks omitted). Because Ganstine is *pro se*, we liberally construe his pleadings. *Hughes v. Lott*, 350 F.3d 1157, 1160 (11th Cir. 2003).

Ganstine argues that Williams acted in a supervisory role with respect to Gadsden County prosecutors and is therefore liable for those prosecutors' misconduct. Supervisory officials may be liable under § 1983 for the acts of their subordinates only when "the supervisor personally participates in the alleged unconstitutional conduct or when there is a causal connection between the actions of a supervising official and the alleged constitutional deprivation." *Cottone v. Jenne*, 326 F.3d 1352, 1360 (11th Cir. 2003). Ganstine does not allege that Williams personally participated in the purported prosecutorial misconduct. And Ganstine can sufficiently plead a causal connection between Williams's actions and the purported prosecutorial misconduct only by citing "a history of widespread abuse" that put Williams on notice of the need to correct the problem,

4

or by alleging that Williams's custom or policy resulted in "deliberate indifference to constitutional rights." *Id.* Ganstine made neither of these allegations. The district court therefore properly dismissed his § 1983 claim against Williams.

Third, Ganstine contends that the district court erred in concluding that Garcia was not a state actor for purposes of § 1983. "To establish a claim under 42 U.S.C. § 1983, a plaintiff must prove (1) a violation of a constitutional right, and (2) that the alleged violation was committed by a person acting under color of state law." *Holmes v. Crosby*, 418 F.3d 1256, 1258 (11th Cir. 2005). "[A] public defender does not act under color of state law when performing the lawyer's traditional functions as counsel to a defendant in a criminal proceeding." *Polk Cnty. v. Dodson*, 454 U.S. 312, 325 (1981).[1] Thus, Garcia was not acting under color of state law when he served as Ganstine's trial counsel. Because Garcia was not acting under color of state law, Ganstine cannot properly allege that Garcia's purported ineffective assistance gave rise to § 1983 liability. The district court therefore properly dismissed Ganstine's claim against Garcia.

Lastly, Ganstine asserts that the district court erred in denying his motion for leave to amend his complaint. We review a district court's denial of a motion

---

[1] Contrary to Ganstine's assertion, the Supreme Court's opinion in *Cuyler v. Sullivan*, 446 U.S. 335 (1980), does not hold otherwise.

to amend a complaint for an abuse of discretion. *Hall v. United Ins. Co. of Am.*, 367 F.3d 1255, 1262 (11th Cir. 2004). The denial of leave to amend is not an abuse of discretion if amendment would be futile. *Id.* at 1263. Here, Ganstine asked to amend his complaint to add Gadsden County as a defendant, but doing so would be futile because any claims against the County would fail for the same reasons Ganstine's claims failed against Williams. Accordingly, the district court did not abuse its discretion in denying Ganstine's request for leave to amend.

**AFFIRMED.**