[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-15638
Non-Argument Calendar
_____

D.C. Docket No. 1:14-cv-03441-MHS

QADIYR SADIQ,

Plaintiff-Appellant,

versus

HAROLD J. WELLER,
Fire Chief, Individually and Personal Capacity,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(July 30, 2015)

Before TJOFLAT, WILSON, and ANDERSON, Circuit Judges.

PER CURIAM:

Qadiyr Sadiq, proceeding *pro se*, appeals the district court's dismissal with prejudice of his 42 U.S.C. § 1983 complaint against Harold J. Weller, Chief of the City of Fairburn Fire Department, in his individual and personal capacity, for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). The complaint alleged that Sadiq's house burned down due to inadequate water pressure and the fire department's failure to check for hot spots, which he attributed to Weller's incompetence, thus depriving Sadiq of his property in violation of the Fourteenth Amendment Due Process Clause. On appeal, Sadiq argues that the district court erred in dismissing his complaint for failure to state a claim and in dismissing the complaint without first providing him with an opportunity to amend.

We review dismissals under Rule 12(b)(6) *de novo*, accepting the facts alleged in the complaint as true and construing them in the light most favorable to the plaintiff. *Hill v. White*, 321 F.3d 1334, 1335 (11th Cir. 2003). We generally review the denial of an opportunity to amend for an abuse of discretion, but we review questions of law, such as whether amendment would be futile, *de novo*. *Cockrell v. Sparks*, 510 F.3d 1307, 1310 (11th Cir. 2007).

Although a complaint need not set forth detailed factual allegations, the plaintiff must allege sufficient facts to render the claim "plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 1974 (2007). A

2

plausible claim for relief requires pleading "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949 (2009). "Ordinarily, a party must be given at least one opportunity to amend before the district court dismisses the complaint." *Id.* at 1014.  However, an opportunity to amend need not be given if amendment would be futile.  *Id.*

To avoid dismissal of a 42 U.S.C. § 1983 claim, a plaintiff must allege facts demonstrating that he was deprived of a constitutional right by a person acting under color of state law.  *Holmes v. Crosby*, 418 F.3d 1256, 1258 (11th Cir. 2005). "Absent the existence of an underlying constitutional right, no section 1983 claim will lie."  *Wideman v. Shallowford Cmty. Hosp., Inc.*, 826 F.2d 1030, 1032 (11th Cir. 1987).

The Due Process Clause of the Fourteenth Amendment provides that no state shall "deprive any person of life, liberty, or property without due process of law." U.S. Const. amend. XIV, § 1.  The United States Supreme Court has clarified that "[t]he Clause is phrased as a limitation on the State's power to act, not as a guarantee of certain minimal levels of safety and security."  *DeShaney v. Winnebago Cnty. Dep't of Soc. Servs.*, 489 U.S. 189, 195, 109 S.Ct. 998, 1003 (1989).  Thus, "the Due Process Clause[] generally confer[s] no affirmative right to governmental aid, even where such aid may be necessary to secure life, liberty, or

3

property interests of which the government itself may not deprive the individual."
*Id.* at 196, 109 S.Ct. at 1003.

As the Supreme Court made clear in *DeShaney*, the Due Process Clause confers no affirmative right to governmental services.  Thus, Sadiq failed to state a cognizable due process claim, as there is no constitutional right to fire protection.  Therefore, Sadiq could not prevail in a § 1983 action against Weller under any version of the facts, and amendment would have been futile.  Accordingly, the district court did not err in dismissing Sadiq's complaint with prejudice for failure to state a claim.

**AFFIRMED.**

4