[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 21-13862

Non-Argument Calendar

_____

STEVEN SEAN JACKSON,

Plaintiff-Appellant,

*versus*

TABITHA UNKNOWN,
Administrator of Medical Records, in individual
and official capacity,
JANE UNKNOWN,
Administrator of Medical Records, in individual
and official capacity,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 6:21-cv-01711-GKS-GJK

_____

Before LUCK, LAGOA, and BRASHER, Circuit Judges.

PER CURIAM:

Steven Jackson, proceeding *pro se*, appeals the *sua sponte* dismissal of his civil rights complaint under 42 U.S.C. § 1983 against two jail officials for failure to state a viable claim. But he does not challenge the grounds for that dismissal on appeal and has thus abandoned any challenge to it. Accordingly, we affirm.

Jackson filed his Section 1983 complaint while incarcerated at Brevard County Jail, alleging that two jail officials refused to comply with his request for medical records. According to Jackson, he needed the records to adhere to a court order issued in his state court petition for a writ of mandamus to show that jail officials knew he had been prescribed medications that they nevertheless withheld from him. His Section 1983 complaint alleges that the refusal to produce his medical records resulted in the dismissal of his state court action.

The district court dismissed the complaint for failure to state a claim. In doing so, it explained that Jackson had not indicated that he was unable to file a motion for extension of time to comply with

the state court. Nor did he explain why he was unable to obtain the records as part of discovery or file a motion to compel production of the documents. And "aside from vague and conclusory allegations," Jackson did not "indicate why [the prison officials] failed to provide the records, whether he informed [them] that there was a deadline for filing the records, or that he followed up with [them] as to the status of the records." Thus, the district court dismissed his complaint for failure to state a claim because he could not establish that his constitutional rights were violated, let alone that the prison officials committed any such violation. *See Holmes v. Crosby*, 418 F.3d 1256, 1258 (11th Cir. 2005) ("To establish a claim under 42 U.S.C § 1983, a plaintiff must prove (1) a violation of a constitutional right, and (2) that the alleged violation was committed by a person acting under color of state law.").

A district court's *sua sponte* dismissal under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a viable claim is reviewed *de novo*, using the same standards that govern dismissals under Federal Rule of Civil Procedure 12(b)(6).[1] *Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997).

---

[1] The district court denied Jackson leave to proceed *in forma pauperis* and dismissed his complaint under Section 1915(e)(2)(B)(ii). Although the dismissal of a prisoner's complaint is governed by 28 U.S.C. § 1915A(b)(1), the relevant language in both sections is the same. *Leal v. Ga. Dep't of Corr.*, 254 F.3d 1276, 1278-79 (11th Cir. 2001). Thus, both sections are subject to the same "well-settled *de novo* standard for 12(b)(6) dismissals." *Id.*

A *pro se* complaint must be liberally construed. *Alba v. Montford*, 517 F.3d 1249, 1252 (11th Cir. 2008). However, this leniency does not give a court license to serve as *de facto* counsel for a party or to rewrite an otherwise deficient pleading in order to sustain an action. *Campbell v. Air Jamaica Ltd.*, 760 F.3d 1165, 1168-69 (11th Cir. 2014). And issues not briefed on appeal, even by *pro se* appellants, are abandoned. *Timson v. Sampson*, 518 F.3d 870, 874 (11th Cir. 2008).

Even liberally construing his brief, Jackson does not challenge, let alone address, the reasons for the district court's dismissal. Instead, he provides a cursory recitation of the arguments he brought before the district court: that the prison officials failed to comply with his request for his medical records and that failure resulted in the dismissal of his state action. Thus, he has abandoned any challenge to the district court's conclusion on appeal. *Timson*, 518 F.3d at 874.

Accordingly, the district court is **AFFIRMED.**