[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-15027
Non-Argument Calendar
_____

D.C. Docket No. 3:12-cv-00799-TJC-JBT

CHARLES E. HARDER,
acting for wife Diana,

                                                                    Plaintiff-Appellant,

versus

MARK HUNTER,
Sheriff of Columbia County,
COLUMBIA COUNTY COMMISSION,

                                                                    Defendants-Appellees,

DEBBIE MARSALAK,
Detective, Columbia County, et al.,

                                                                    Defendant.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(July 24, 2014)

Before HULL, MARCUS, and FAY, Circuit Judges.

PER CURIAM:

Charles E. Harder appeals pro se the dismissal of his 42 U.S.C. § 1983 complaint under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. We affirm.

## I. BACKGROUND

In January 2013, Charles Harder filed a pro se amended complaint against defendants-appellees Sheriff Mark Hunter and the Columbia County Commission and alleged violations of 42 U.S.C. § 1983. Acting on behalf of himself and his wife, Harder contended Sheriff Hunter and the County had failed to uphold and enforce Florida laws involving elder abuse, grand theft, and fraud.

Harder alleged he previously had operated a television network using satellite equipment. At some unspecified time, an individual named Greg Potts moved into the Harders' guest suite and gained their financial trust. Potts convinced Harder's wife to give him $50,000 for business expenses, but he diverted most of the funds for his personal use. Thereafter, Potts stole the satellite equipment from the transmission room. Harder confronted Potts, who physically threatened him. Sheriff Hunter was called to the scene, whereupon Potts presented a fraudulent document stating he owned the telecommunications equipment. The amended complaint represented the fraudulent document included a notary stamp. Sheriff Hunter accepted the document and believed Potts owned the equipment,

2

despite later receiving a sworn statement from the notary public stating she had not notarized Potts's document.

Harder also alleged he previously had owned, but had shut down, a company called Signal Hill Trading. Upon closing that business, the Harders still possessed 3,000 radios that were property of the business. Unknown to the Harders, Potts had reinstated Signal Hill Trading and named himself President to claim ownership of the radios, valued at $60,000.

Harder alleged Sheriff Hunter knew of Potts's wrongful acts but refused to enforce Florida's elder abuse, grand theft, or fraud laws. Harder claimed he had asked Sheriff Hunter to reclaim the satellite equipment, but Sheriff Hunter had refused. Harder requested the district judge to command Sheriff Hunter to enforce the laws and to order the County to pay for any sustained losses.

In March 2013, Sheriff Hunter and the County moved to dismiss the amended complaint under Federal Rule of Civil Procedure 12(b)(6). On October 9, 2013, the district judge granted the motion to dismiss and found no possibility of a claim under 42 U.S.C. § 1983. Although the judge found Harder was not allowed to represent his wife pro se, he addressed the merits of the case regarding both of them. The judge noted Harder's claims were based on Sheriff Hunter's (1) refusal to arrest Potts, (2) failure to reclaim the allegedly stolen equipment, and (3) refusal to enforce Florida's elder abuse, grand theft, and fraud laws, in violation of

3

42 U.S.C. § 1983.  Concerning the County, the district judge found Harder had not alleged any claims against it and, because it did not employ Sheriff Hunter, the County was not liable for the Sheriff's actions.[1]

The district judge also determined Harder had not alleged a constitutional right of which he was deprived.  Relying on *Town of Castle Rock, Colorado v. Gonzales*, 545 U.S. 748, 125 S. Ct. 2796 (2005), the judge found protection under the Due Process Clause was not offered to a party, who might benefit from someone else being arrested for a crime.  Harder had no legitimate entitlement to and thus no property interest in having Potts arrested.  Accordingly, the judge concluded Harder had failed to state a claim for relief against Sheriff Hunter.  The judge granted the motion to dismiss, dismissed the amended complaint with prejudice, denied all pending motions as moot, and subsequently denied Harder's motion for reconsideration.

On appeal, Harder argues the district judge did not consider his due process arguments under the Fifth and Fourteenth Amendments and Florida Statute § 768.28.  He further contends the district judge mistakenly believed he had wanted Sheriff Hunter to arrest Potts.  He argues he did not request the Sheriff to arrest anyone.  Instead, he had asked Sheriff Hunter to recover stolen equipment.

---

[1] The district judge also determined, even if the County had employed Sheriff Hunter, the county was a municipality not subject to liability under § 1983 on a respondeat superior theory.

4

## II. DISCUSSION

We review de novo a district judge's order granting a motion to dismiss for failure to state a claim under Rule 12(b)(6). *Catron v. City of St. Petersburg*, 658 F.3d 1260, 1264 (11th Cir. 2011). Although a complaint need not set forth detailed factual allegations, the plaintiff must allege sufficient facts to render the claim "plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 1974 (2007). Mere conclusory statements in support of a threadbare recital of the elements of a claim will not suffice. *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949-50 (2009). "*Pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys and are liberally construed." *Bingham v. Thomas*, 654 F.3d 1171, 1175 (11th Cir. 2011) (per curiam) (citation and internal quotation marks omitted).

To avoid dismissal of a 42 U.S.C. § 1983 claim, a plaintiff must allege facts showing he was deprived of a constitutional right by a person acting under color of state law. 42 U.S.C. § 1983; *Holmes v. Crosby*, 418 F.3d 1256, 1258 (11th Cir. 2005) (per curiam). The Supreme Court explicitly has refused to recognize a substantive due process right to governmental aid or protection, except in a few limited circumstances,[2] even when governmental aid is necessary to protect liberty

---

[2] For example, the Supreme Court has imposed an affirmative responsibility on the government under the Eighth Amendment to provide adequate medical care to incarcerated prisoners, *Estelle v. Gamble*, 429 U.S. 97, 104-05, 97 S. Ct. 285, 291 (1976), and an affirmative

or property interests from private interference. *DeShaney v. Winnebago Cnty. Dep't of Soc. Servs.*, 489 U.S. 189, 201-02, 109 S. Ct. 998, 1006-07 (1989). The Court also has considered whether a party may assert a claim for deprivation of procedural due process, based upon a state's failure to protect liberty or property interests. *Town of Castle Rock*, 545 U.S. at 750-51, 125 S. Ct. at 2800. Looking to relevant state law to determine whether that law established a property or liberty interest in governmental aid or assistance, the Court held no such interest existed. *Id.* at 768, 125 S. Ct. at 2810 ("[T]he benefit that a third party may receive from having someone else arrested for a crime generally does not trigger protections under the Due Process Clause, neither in its procedural nor in its 'substantive' manifestations."). Notably, the Court stated that "a benefit is not a protected entitlement if government officials may grant or deny it in their discretion." *Id.* at 756, 125 S. Ct. at 2803.

In accordance with this precedent, we examine whether Florida law guarantees citizens a property interest in police assistance to investigate potential crimes or to reclaim allegedly stolen goods. The Supreme Court of Florida has held "there is not now, nor has there ever been, any common law duty for . . . a governmental entity to enforce the law for the benefit of an individual or a specific

---

duty under the Fourteenth Amendment Due Process Clause to ensure the reasonable safety of involuntarily committed mental patients, *Youngberg v. Romeo*, 457 U.S. 307, 324, 102 S. Ct. 2452, 2462 (1982).

group of individuals." *Trianon Park Condo. Ass'n v. City of Hialeah*, 468 So. 2d 912, 918 (Fla. 1985) (recognizing a special tort duty, however, arises when police officers place people within a zone of risk). The Florida Supreme Court further has stated:

> How a governmental entity, through its officials and employees, exercises its *discretionary* power to enforce compliance with the laws duly enacted by a governmental body is a matter of governance, for which there never has been a common law duty of care. This *discretionary* power to enforce compliance with the law, as well as the authority to protect the public safety, is most notably reflected in the *discretionary* power given to judges, prosecutors, arresting officers, and other law enforcement officials . . . .

*Id.* at 919 (emphasis added).

Florida law also provides the "decision of whether to enforce the law by making an arrest is a basic judgmental or discretionary governmental function that is immune from suit." *Lewis v. City of St. Petersburg*, 260 F.3d 1260, 1265 (11th Cir. 2001) (quoting *Everton v. Willard*, 468 So. 2d 936, 937 (Fla. 1985)) (internal quotation marks omitted). It follows that an officer's decision to investigate a criminal complaint is a discretionary governmental function. *See id.*

Therefore, Florida law does not require law enforcement officers to investigate all criminal complaints or otherwise aid property owners. The manner in which officers choose to enforce state laws remains subject to their discretion. *Lewis*, 260 F.3d at 1265; *Trianon Park*, 468 So. 2d at 918-19; *see also Town of Castle Rock*, 545 U.S. at 759, 761, 125 S. Ct. at 2805-06 (rejecting argument that

7

Colorado statute stating, "a peace officer shall arrest," displaced a "tradition of police discretion" under state law).  A benefit "is not a protected entitlement if government officials may grant or deny it in their discretion."  *Town of Castle Rock*, 545 U.S. at 756, 125 S. Ct. at 2803.  Accordingly, Harder lacks a cognizable property interest under Florida law to have Sheriff Hunter investigate his allegations and reclaim allegedly stolen goods.  Because Harder does not have a constitutionally protected property or liberty interest at stake, he has failed to state a due process claim under 42 U.S.C. § 1983.  *Holmes*, 418 F.3d at 1258.[3]  The district judge did not err by dismissing Harder's complaint with prejudice for failure to state a claim for which relief could be granted.

    **AFFIRMED.**

_____

[3] To the extent Harder challenges the district judge's analysis regarding the Due Process Clause of the Fifth Amendment and Florida Statute § 768.28, he did not raise those issues below and has waived them.  *Norelus v. Denny's, Inc.*, 628 F.3d 1270, 1296 (11th Cir. 2010) (recognizing issues not raised in the district court should not be considered on appeal).  In addition, he has abandoned any challenge to the dismissal of his wife as a plaintiff and the County as a defendant by failing to raise it on appeal.  *Sapuppo v. Allstate Floridian Ins. Co.*, 739 F.3d 678, 680 (11th Cir. 2014) ("When an appellant fails to challenge properly on appeal one of the grounds on which the district court based its judgment, he is deemed to have abandoned any challenge of that ground, and it follows that the judgment is due to be affirmed.").